MAINE SUPREME JUDICIAL COURT                           Reporter of Decisions
Decision:      2016 ME 67
Docket:        Pen-15-232
Submitted
  On Briefs:   April 21, 2016
Decided:       May 5, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, HJELM, and HUMPHREY, JJ.

## STATE OF MAINE

v.

## ERICA J. WALLACE PARKIN

ALEXANDER, J.

[¶1] Erica J. Wallace Parkin appeals from a judgment of conviction for criminal operating under the influence (OUI), with one prior conviction (Class D), 29-A M.R.S. § 2411(1-A)(B)(1) (2015), entered in the Unified Criminal Docket (Penobscot County, *Campbell, J.*) following a jury trial. Because the evidence, viewed in the light most favorable to the State, was sufficient to permit a reasonable jury to find each element of OUI proved beyond a reasonable doubt, we affirm the judgment. *See* 29-A M.R.S. § 2411(1-A)(B)(1); *State v. Reed*, 2013 ME 5, ¶ 9, 58 A.3d 1130.

## I. CASE HISTORY

[¶2] Parkin was in a car that collided with a parked car in front of a home in Brewer in October 2014. A resident of the home heard the sound of the collision

2

and immediately ran outside. The resident saw that a car had crashed into his car, which was parked near the street, and had pushed his car about ten to fifteen feet onto the lawn. The resident saw Parkin get out of the driver's seat of the car and a man get out of the passenger seat.

[¶3] Parkin told the resident that a third person had been driving her car and had fled into the woods. The resident did not see anyone else in the area, despite being outside almost immediately after the crash. The resident believed Parkin was intoxicated.

[¶4] When police arrived, Parkin told a Brewer Police Detective that a hitchhiker had been driving the car and that she and her husband were giving him a ride from Frankfort to Bangor. Based on the location of the crash and the direction they were heading at the time of the crash, the Parkins had already passed Bangor. Accordingly, the detective did not believe Parkin's story. The detective believed Parkin was intoxicated based on the fact that she was loud, was interrupting others, had slurred speech and exaggerated movements, and smelled of alcohol.

[¶5] A second Brewer Police Officer, also at the scene, believed Parkin was intoxicated because her eyes were bloodshot and glassy, and her speech was slurred. A third Brewer Police Officer at the scene believed Parkin was intoxicated for the same reasons and performed field sobriety tests. Parkin was unable to complete the horizontal gaze nystagmus test because she was unable to keep her

head still, and she failed both the walk-and-turn test and the one-leg-stand test. Parkin told the officers that she drank one-and-a-half hard lemonades, but an officer believed her level of intoxication indicated that she had consumed more.

[¶6] Parkin was brought to the Brewer Police Station at around 11 p.m. After about thirty minutes, Parkin was able to provide a sufficient sample for an intoxilyzer test. Parkin's blood alcohol level at that time—about two-and-a-half hours after the crash—tested at .06.

[¶7] Parkin stipulated to a prior conviction for OUI in October 2012. After a one-day jury trial on April 24, 2015, the jury returned a guilty verdict. The court sentenced Parkin to forty-five days in jail, a $700 fine, and a three-year license suspension. Parkin then brought this appeal, arguing that the evidence was insufficient to convict her of OUI.

## II. LEGAL ANALYSIS

[¶8] Contrary to Parkin's argument, the evidence, viewed in the light most favorable to the State, was sufficient to permit a reasonable jury to find each element of OUI beyond a reasonable doubt. *See* 29-A M.R.S. § 2411(1-A)(B)(1); *Reed*, 2013 ME 5, ¶ 9, 58 A.3d 1130.

[¶9] We note particularly the evidence that Parkin's blood alcohol level was .06. When the evidence indicates that a defendant's blood alcohol level was more than .05 but less than .08, the jury may consider it as relevant evidence, along with

all of the other evidence presented, in deciding whether the defendant was intoxicated. 29-A M.R.S. § 2432(2) (2015).[1] The jury was appropriately instructed on this point. The evidence of the .06 test, combined with the other evidence, fully supports the conviction.

The entry is:

Judgment affirmed.

**On the briefs:**

Christopher D. Smith, Esq., Law Office of Christopher D. Smith, Esq., Dexter, for appellant Erica J. Wallace Parkin

R. Christopher Almy, District Attorney, and Susan J. Pope, Asst. Dist. Atty., Prosecutorial District V, Bangor, for appellee State of Maine

Penobscot County Unified Criminal Docket docket number CR-2014-3971
FOR CLERK REFERENCE ONLY

---

[1] 29-A M.R.S. § 2432 (2015) states, in pertinent part:

1. **Level less than 0.05 grams.** If a person has an alcohol level of 0.05 grams or less of alcohol per 100 milliliters of blood or 210 liters of breath, it is prima facie evidence that that person is not under the influence of alcohol.

2. **Level greater than 0.05 grams and less than 0.08 grams.** If a person has an alcohol level in excess of 0.05 grams of alcohol but less than 0.08 grams of alcohol per 100 milliliters of blood or 210 liters of breath, it is admissible evidence, but not prima facie, indicating whether or not that person is under the influence of intoxicants to be considered with other competent evidence . . . .

3. **Level of 0.08 grams or greater.** In proceedings other than under section 2411, a person is presumed to be under the influence of intoxicants if that person has an alcohol level of 0.08 grams or more of alcohol per 100 milliliters of blood or 210 liters of breath.